HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Nakeshia Terrell,

    Plaintiff,

v.

TravelCenters of America, *et al.*,

    Defendants.

Case No. 2:21-cv-00353-RAJ

ORDER

This matter comes before the Court on Plaintiff's Application for Court-Appointed Counsel in Title VII Action (Dkt. # 5). For the reasons below, the Court **DENIES** the motion **without prejudice**. Also explained below, the Court **STRIKES** Plaintiff's amended complaints located at Dkt. ## 11, 13, 16. The current, operative complaint is located at Dkt. # 9.

Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to

ORDER – 1

articulate h[er] claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). But neither of these considerations is dispositive; they must instead be viewed together. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). A plaintiff must plead facts showing that she has an insufficient grasp of her case or the legal issue involved and that she has an inadequate ability to articulate the factual basis of her claim. *Agyeman*, 390 F.3d at 1103. Although most parties would benefit from representation by an attorney, that is not the standard for appointment of counsel in a civil case. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (finding that a *pro se* litigant may be better served with the assistance of counsel is not the test). A plaintiff must instead show exceptional circumstances. *See id.*

Plaintiff Nakeshia Terrell has failed to show that her case presents "exceptional circumstances." From what the Court can discern from Ms. Terrell's complaint, this case is not complex. Ms. Terrell's complaint is one for employment discrimination under Title VII of the Civil Rights Act of 1964. Dkt. # 9. Apart from listing the parties, her complaint is empty. *Id.* It does not explain her discrimination let alone provide factual allegations. *Id.* Her motion to appoint counsel does little better. Dkt. # 5 at 5. There, she explains that her employer failed to treat her with "[d]ignity and [r]espect" because she is African American. *Id.* She also includes some of her coworkers' alleged derogatory statements. *Id.* Even considering the representations in her motion, the Court concludes that this racial discrimination case is not particularly complex. Similarly, because all the Court has before it are bare allegations of racial discrimination—allegations not contained in the pleadings and not supported by evidence—Ms. Terrell has failed to show a likelihood of success on the merits. In sum, the Court finds that Ms. Terrell has failed to show exceptional circumstances and **DENIES without prejudice** her motion to appoint counsel. Dkt. # 5.

Further, the Court notes that Ms. Terrell has attempted to amend her complaint

ORDER – 2

many times.  On March 16, 2021, she filed her original complaint.  Dkt. # 4.  Months later, she filed an amended complaint.  Dkt. # 9.  After filing her amended complaint, she tried to amend her complaint three more times.  Dkt. ## 11, 13, 16.

Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff "may amend its pleading *once* as a matter of course."  In all other cases, however, a plaintiff may amend its pleading "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Under Rule 15, Ms. Terrell was permitted to file her first amended complaint as a matter of course.  Her later attempts at amendment, however, required Defendants' written consent or the Court's leave, which she did not obtain.  Thus, Ms. Terrell's three "amended" complaints are hereby **STRCKEN** from the record.  Dkt. ## 11, 13, 16.

DATED this 1st day of July, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3