UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NAKESHIA TERRELL,

        Plaintiff,

v.

TA OPERATING LLC d/b/a
TRAVELCENTERS OF AMERICA,
et al.,

        Defendants.

C21-353 RAJ

ORDER

THIS MATTER comes before the Court on a Motion to Compel Arbitration and Stay Claims, docket no. 22, brought by Defendant TA Operating LLC d/b/a TravelCenters of America. Having reviewed the motion, to which Plaintiff Nakeshia Terrell did not file a response, the Court enters the following Order.

**Background**

Defendant owns and operates over 275 travel centers/truck stops across the United States. Ratica Decl. at ¶ 2 (docket no. 23). On July 1, 2020, Defendant hired Plaintiff as a store cashier. Ex. 1 to Ratica Decl. (docket no. 23-1 at 2). That same day, Plaintiff signed a Mutual Agreement to Resolve Disputes and Arbitrate Claims ("Agreement").

ORDER - 1

1  Id. (docket no. 23-1 at 3–9). The Agreement stated that an employee's disagreement with
2  Defendant needed to follow specific grievance and arbitration procedures:

3  You and the Company may have disagreements during or following your employment with the Company. To simplify and reduce the cost of resolving
4  disputes that may arise that are not resolved in the ordinary course of your employment, the Company has adopted the following grievance and
5  arbitration procedures. It is a condition of your continued employment by the Company that you agree to be bound by the grievance and arbitration
6  procedures set forth below.

7  Id. at 3. The Agreement further stated that these procedures applied to "any and all
8  disputes, claims or controversies arising out of your employment or the termination of
9  your employment which could be brought in a court" including claims brought under
10 Title VII of the Civil Rights Act of 1964. Id. The Agreement also contained a clause
11 specifying that the Federal Arbitration Act ("FAA") governs it. Id. at 7. Finally, the
12 Agreement provided that "[a]ll challenges to the interpretation or enforceability of any
13 provision of this Agreement shall be brought before the arbitrator, and the arbitrator shall
14 rule on all questions regarding the interpretation and enforceability of this Agreement."
15 Id. at 6.

16  Plaintiff filed this action for employment discrimination under Title VII of the
17 Civil Rights Act of 1964 on March 15, 2021.[1] Although Plaintiffs' operative complaint
18 is mostly blank, her Motion to Appoint Counsel accused her employer of failing to treat
19 her with "dignity and respect" because she is African American. Mot. to Appoint

20 ─────────────

21 [1] Although Plaintiff's original Complaint, docket no. 1-1, alleged claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990, her Amended Complaint, docket
22 no. 9, asserts only a claim under Title VII of the Civil Rights Act of 1964.

23

ORDER - 2

Counsel (docket no. 5 at 5). That motion also alleged that some of her coworkers made derogatory statements. Id. Defendant now moves to compel arbitration.

**Discussion**

The Agreement explicitly states that the FAA governs it. Agreement (docket no. 23-1 at 7). Under the FAA, when deciding whether to compel arbitration courts generally "must determine two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015). Parties, however, may delegate these gateway issues to an arbitrator if they clearly and unmistakably provide for it. Id. "Clear and unmistakable evidence of an agreement to arbitrate arbitrability 'might include . . . a course of conduct demonstrating assent . . . or . . . an express agreement to do so.'" Mohamed v. Uber Techs., Inc., 848 F.3d 1201, 1208 (9th Cir. 2016) (quoting Momot v. Mastro, 652 F.3d 982, 988 (9th Cir. 2011)). The Ninth Circuit has "held that language 'delegating to the arbitrators the authority to determine the validity or application of any of the provisions of the arbitration clause constitutes an agreement to arbitrate threshold issues concerning the arbitration agreement.'" Mohamed, 848 F.3d at 1208 (quoting Momot, 652 F.3d at 988).

Defendant asserts that the Agreement's language that "[a]ll challenges to the interpretation or enforceability of any provision of this Agreement shall be brought before the arbitrator" constitutes clear and unmistakable evidence of an agreement to arbitrate arbitrability. The Court agrees. The Ninth Circuit has held that similar language constituted clear and unmistakable evidence that the parties delegated threshold

ORDER - 3

1  arbitrability questions to an arbitrator. See Mohamed, 848 F.3d at 1209; Momot, 652
2  F.3d at 988. In Mohamed, the Ninth Circuit determined the parties had clearly and
3  unmistakably agreed to arbitrate arbitrability where their agreements "delegated to the
4  arbitrators the authority to decide issues relating to the 'enforceability, revocability or
5  validity of the Arbitration Provision or any portion of the Arbitration Provision.'"
6  Mohamed, 848 F.3d at 1209. Likewise, in this matter, the language in the Agreement
7  states that an arbitrator shall decide any challenges relating to its enforceability. As such,
8  the parties have clearly and unmistakably agreed to have an arbitrator decide any
9  threshold disputes on arbitrability.

10  Even if the parties had not delegated the gateway issues to an arbitrator, the Court
11  would still compel arbitration. First, there is an agreement to arbitrate between the
12  parties. Plaintiff signed the Agreement the day she began her employment with
13  Defendant and the Agreement states that any disagreements would be subject to the
14  grievance and arbitration procedures outlined in the Agreement. Second, the Agreement
15  covers the dispute in this matter. Based on the Amended Complaint and Motion to
16  Appoint Counsel, Plaintiff is asserting a claim for employment discrimination under
17  Title VII of the Civil Rights Act of 1964. The Agreement applies to "all disputes, claims
18  or controversies arising out of your employment or the termination of your employment
19  which could be brought in a court" and explicitly includes claims under Title VII of the
20  Civil Right Act of 1964. Agreement (docket no. 23-1 at 3). For these reasons, the Court
21  GRANTS Defendant's Motion to Compel Arbitration and Stay Claims, docket no. 22.
22
23

ORDER - 4

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant's Motion to Compel Arbitration and Stay Claims, docket no. 22, is GRANTED. Plaintiff's claims shall be ARBITRATED in the manner set forth in the parties' Agreement, docket no. 23-1. The Court STAYS the proceedings pending the outcome of arbitration pursuant to 9 U.S.C. § 3. See Ekin v. Amazon Servs., LLC, No. C14-0244-JCC, 2015 WL 11233144, at *1 (W.D. Wash. Feb. 10, 2015) (noting that the Ninth Circuit has "expressed a strong preference that arbitrable cases be stayed rather than dismissed");

(2) The parties are DIRECTED to file a Joint Status Report within fourteen (14) days after the completion of arbitration or by June 30, 2022, whichever occurs earlier; and

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 18th day of October, 2021.

Richard A. Jones
United States District Judge

ORDER - 5